IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RANDY GARCIA-HILL,**

               Petitioner,

    v.                                                    CASE NO. 17-3215-SAC

**WARDEN EMMALEE CONOVER,**

               Respondent.

**NOTICE AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. The Court has conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and enters the following order. Under this rule, the Court may sua sponte dismiss the petition if it "clear from the face of the petition itself" that the action is not timely. *Kilgore v. Atty. General of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008).

**Background**

In 2010, petitioner pled guilty to two counts of aggravated indecent liberties with a child. He received a dispositional departure sentence of probation for 36 months with an underlying sentence of 122 months.

Within a few months, the State sought revocation of petitioner's probation. Following hearings, the state district court granted the motion and ordered petitioner to serve the original sentence. The Kansas Court of Appeals affirmed that decision. *State v. Garcia-Hill*, 270 P.3d 1229 (Table), 2012 WL 686809 (Kan. App. Feb. 17, 2012), *rev. denied*, Feb. 19, 2013. Petitioner commenced this action on December 6, 2017.

The petitioner states that he also sought post-conviction relief in the state district court in March 2017 but relief was denied during the same month. (Doc. #1, p. 3).

## The limitation period

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a one-year limitation period applies to habeas corpus petitions brought under 28 U.S.C. §2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1)(A)-(D).

The one-year limitation period generally runs from the date the judgment becomes final, as provided by § 2244(d)(1)(A), unless the petitioner asserts facts that implicate any of the remaining provisions. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir.

2000).

Under the AEDPA, the limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. §2244(d)(2).

Finally, equitable tolling of the limitation period is available in narrow circumstances. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010)(stating that § 2244(d) "is subject to equitable tolling"). A petitioner seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, the record suggests that petitioner did not timely file this matter. His appeal following the revocation of probation became final ninety days following the denial of review by the Kansas Supreme Court on February 19, 2013, upon the expiration of the time for seeking review in the U.S. Supreme Court. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) and Sup. Ct. R. 13.1 (requiring petition for certiorari to be filed within 90 days after entry of judgment). Thus, the limitation period began running on May 21, 2013, and expired one year later, long before petitioner filed his March 2017 post-conviction action.

Therefore, the petition must be dismissed unless petitioner can show that he is entitled to equitable tolling.

In the section of the form petition that identifies the limitation period, (Doc. #1, p. 13), petitioner states that he was unaware of the habeas corpus remedy until recently. Despite this, the Court finds no basis for equitable tolling, as ignorance of the law is not a sufficient ground to toll the limitation period. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."(internal quotation marks omitted)) and *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)(petitioner's claim that "he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to overcome a habeas procedural bar).

### Order to Show Cause

The present petition, filed on December 6, 2017, was not filed within the one-year limitation period under 28 U.S.C. § 2244(d) and is subject to dismissal unless petitioner can show that he is entitled to equitable tolling. Petitioner is directed to show cause why this matter should not be dismissed as time-barred and to identify any additional ground for equitable tolling.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **January 5, 2018,** to show cause why this matter should not be dismissed due to his failure to timely file the petition. The failure to file a timely response may result in the dismissal of this matter as time-barred without additional prior notice.

**IT IS SO ORDERED.**

DATED:  This 8th day of December, 2017, at Topeka, Kansas.

                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge