**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**RANDY GARCIA-HILL,**

                **Petitioner,**

      v.                                      CASE NO. 17-3215-SAC

**WARDEN EMMALEE CONOVER,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. By an order filed on December 8, 2017, the Court directed petitioner to show cause why this matter should not be dismissed due to his failure to file this matter within the one-year limitation period. Petitioner filed a timely response (Doc. #6).

**Discussion**

Petitioner states that for an unspecified number of years he was not aware of the habeas corpus remedy. He also states that once he discovered the remedy, he consulted with his counsel and was told that he was not eligible for habeas corpus relief. However, after he discussed the matter with unidentified "jail house lawyers" he decided that the remedy applies to him. Finally, petitioner states that he has been in segregation and had no access to law books or materials for some period of time. Accordingly, he argues that he is entitled to proceed in habeas corpus, as he has been diligent in pursuing his rights and has been prevented from seeking relief by extraordinary circumstances.

Equitable tolling of the habeas corpus limitation period is available in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). In order to qualify for such tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quotations omitted). A petitioner seeking equitable tolling has a "strong burden to show specific facts" in support of the necessary showing. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

The Court has considered petitioner's arguments but concludes that he is not entitled to equitable tolling. First, petitioner's argument of ignorance of the law and the tolling period are insufficient to excuse his failure to timely file. It is settled that a pro se petitioner's ignorance of the law generally does not excuse the failure to timely file. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Next, while petitioner asserts that he received incorrect advice from his counsel that he was not eligible for habeas corpus relief, it appears that he did not seek that advice until after he learned of the remedy "a number of years" after his conviction, and therefore, after the limitation period expired. Finally, petitioner's argument that he had no access to legal materials due to his housing classification is not an adequate basis for equitable tolling. *See McCarley v. Ward*, 143 Fed.Appx. 913 (10th Cir. 2005)(rejecting petitioner's argument that equitable tolling was appropriate due to his brain damage and inadequate law library). *See also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)("It is not enough to say that the

… facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.") and *Gibson*, 232 F.3d at 808 (claim of insufficient access to relevant law is not sufficient for equitable tolling).

For these reasons, the Court concludes this matter must be dismissed as time-barred.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, the petitioner must show both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not debate its procedural finding that the petition is time-barred and that petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period. The Court therefore declines to issue a certificate of appealability.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to proceed in forma pauperis (Docs. #2 and #5) are granted.

IT IS FURTHER ORDERED the petition for habeas corpus is dismissed as time-barred.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 5th day of January, 2018, at Topeka, Kansas.

```
                        S/ Sam A. Crow
                        SAM A. CROW
                        U.S. Senior District Judge
```